UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-18 LEONARD "DAD" MOORE,

    Defendant.
_____/

Case No. 06-20465

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S EMERGENCY
MOTION FOR COMPASSIONATE RELEASE [3021]**

Pending before the Court is Defendant's Motion for Compassionate Release. (ECF No. 3021.) Defendant requests that pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(I) the Court convert the remainder of his sentence to a term of supervised release with a condition of home confinement. Defendant contends his age and medical conditions constitute extraordinary and compelling circumstances justifying this relief in the wake of the COVID-19 pandemic. The government opposes the requested relief and has filed a response. (ECF No. 3025.) The Court has reviewed the record in its entirety and finds that a hearing on this matter is not necessary. For the reasons set forth below, the Court **GRANTS** Defendant's motion.

    **I.    BACKGROUND**

Following a nine-week jury trial, Defendant was convicted of RICO conspiracy in violation of 18 U.S.C. §§ 1962(d) and 1963(a). The charges arose from his involvement and leadership position in the Highwaymen Motor Club. The record in this case describes in detail the significant, extensive, and violent criminal activity perpetrated at the hands of the members HMC.

1

Following Defendant's conviction, the Court initially sentenced Defendant to a term of life in prison. However, after a remand from the Sixth Circuit, Defendant was re-sentenced to a term of 20 years in prison. Defendant has served roughly fifty percent of his sentence. He is currently incarcerated at FCI Loretto. His projected release date is November 28, 2027.

Defendant is 73 years old. He suffers from a myriad of health conditions, including COPD (chronic obstructive airway disease), type 2 diabetes, sleep apnea, and high blood pressure. He also claims that he was hospitalized in both 2018 and 2019 for pneumonia. Defendant contends his age along with this combination of medical conditions places him in the COVID-19 highest-risk category.

On March 31, 2020, Defendant made a request to the warden of FCI Loretto for compassionate release due to the COVID-19 pandemic. On April 15, 2020, the warden denied Defendant's request. There does not appear to be any dispute that Defendant exhausted his administrative remedies before seeking relief in this Court.

Defendant now moves for compassionate release in this Court. The motion has been fully briefed and is ripe for consideration.

**II.    ANALYSIS**

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows (emphasis added):

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that

2

> does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus in order to obtain relief under 18 U.S.C. § 3582(c)(1)(A)(i), a defendant must satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence or compassionate release. In addition to this showing, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and determine whether a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In his motion, Defendant claims he has satisfied the exhaustion requirement and that his age and medical conditions in the wake of the COVID-19 pandemic are extraordinary and compelling circumstances warranting compassionate release under § 3582(c). The Government does not dispute that Defendant has exhausted the statutory prerequisites for seeking compassionate release. And the Government essentially concedes that Defendant's age and medical conditions in the wake of COVID-19 constitute extraordinary and compelling circumstances warranting his release. But the Government argues that Defendant is not entitled to release under § 3582(c) because he poses a continued danger to the community. And the Government contends that notwithstanding Defendant's age, health conditions, and the threat of COVID-19, consideration of the § 3553(a) factors supports denying the motion. Having considered the record on this matter in its entirety, the Court disagrees with the Government's position under the facts and circumstances presented here.

Although the sentence imposed on Defendant was just, the Court holds that the threat posed by COVID-19, in light of Defendant's advanced age and his underlying health conditions, constitutes an extraordinary and compelling reason to modify his sentence under 18 U.S.C. § 3582(c)(1)(A)(I).  As stated by the *Zukerman* court, "[t]he severity of [Defendant]'s conduct remains unchanged. What has changed, however, is the environment where [Defendant] is serving his sentence. When the Court sentenced [Defendant], the Court did not intend for that sentence to 'include incurring a great and unforeseen risk of severe illness or death' brought on by a global pandemic." *United States v. Zukerman*, 451 F. Supp. 3d 329, 336 (S.D.N.Y. 2020) (citing *United States v. Rodriguez*, 2020 WL 1627331, at *12 (E.D. Pa. Apr. 1, 2020)).

The United States Sentencing Commission has defined "extraordinary and compelling reasons." *See* U.S.S.G. § 1B1.13, comment n.1.  There are extraordinary and compelling reasons for modification where "[t]he defendant is ... suffering from a serious physical or medical condition ... that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii).

In this case, Defendant's advanced age, together with his COPD, high blood pressure, and diabetes, among other ailments, and the threat of COVID-19, satisfy that requirement.  According to the World Health Organization, the populations most at risk of suffering severe health risks from COVID-19 are "older people, and those with underlying medical problems like cardiovascular disease [and] cancer." *See United States v. Saad*, No. 16-20197, 2020 WL 2251808, at *6 (E.D. Mich. May 5, 2020) (discussing Coronavirus, World Health Organization (Apr. 27, 2020), https://www.who.int/health-

4

topics/coronavirus#tab=tab_1).  And according to the United States Center for Disease Control, persons over the age of 65 and individuals of any age who have serious underlying medical conditions, including serious lung conditions like COPD, are at the highest risk of suffering severe health risks from COVID-19. *See* People Who Are at Higher Risk for Severe Illness, Centers for Disease Control and Prevention (September 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html.

Defendant is clearly among those persons most at risk.  The Court agrees with the Government that Defendant's risk of exposure to COVID-19 is the same as any other defendant housed at FCI Loretto.  But it is the heightened risk of severe illness or death faced by this particular Defendant if or when he inevitably comes in contact with the virus that creates the extraordinary and compelling circumstances here. *See United States v. Pomante*, No. 19-20316, 2020 WL 2513095, at *6 (E.D. Mich. May 15, 2020).

Courts within this district and elsewhere have held that compassionate release is justified under similar conditions. *See Saad*, 2020 WL 2251808, at *6 (listing cases and finding extraordinary and compelling reasons warranting compassionate release for seventy one year old defendant with serious underlying health conditions including chronic kidney disease, hypertension, and diabetes serving sentence for non-violent conviction at FCI Milan); *Pomante*, 2020 WL 2513095, at *7 (finding extraordinary and compelling reasons warranting compassionate release for sixty-nine-year-old defendant with serious underlying pre-existing medical questions, including chronic kidney disease, hypertension, obesity, and diabetes serving sentence for non-violent conviction at FCI Morgantown); *United States v. Al-Jumail*, No. 12-20272, 2020 WL 2395224, at *1 (E.D.

5

Mich. May 12, 2020) (finding extraordinary and compelling reasons warranting compassionate release for sixty year old defendant with serious underlying health conditions including coronary arterial disease, diabetes, and retinal disease serving sentence for non-violent conviction at FCI Fort Dix); *United States v. Reddy*, No. 13-CR-20358, 2020 WL 2320093, at *1 (E.D. Mich. May 11, 2020) (finding extraordinary and compelling reasons warranting compassionate release for seventy three year old defendant with serious underlying health conditions including diabetes, hypertension, and various orthopedic and pain related problems serving sentence for non-violent conviction). Indeed, this Court has previously reached the same conclusion for a defendant suffering from similar conditions. *See United States v. Rahim*, No. 16-20433, 2020 WL 2604857, at *1 (E.D. Mich. May 21, 2020) (finding extraordinary and compelling circumstances warranting compassionate release for 67-year-old defendant suffering from COPD, diabetes, and hypertension).

Finally, the Court finds that consideration of the factors set forth in § 3553(a) weighs in favor of granting the requested relief. As noted extensively by the Court throughout the record in this case, the nature and circumstances of Defendant's crimes are serious. And that one factor could conceivably weigh against granting compassionate release. *See* § 3553(a)(1). But the Court finds that releasing Defendant to home confinement at this point and under these circumstances would be consistent with the other § 3553(a) factors, and the Court concludes that those factors outweigh the seriousness-of-offense factor.

Defendant's most relevant personal characteristics are his age, health, and vulnerability to COVID 19. This factor weighs in favor of release. Similarly, the statutory

6

goal of imposing punishment would be satisfied by releasing Defendant to home confinement now. Defendant has served meaningful time in prison and will continue to bear additional restrictions on his liberty through home confinement.

The Court further finds that releasing Defendant under these unusual circumstances—his poor health and the COVID-19 pandemic—will not undermine the goal of general deterrence. Moreover, the Court finds that there is insufficient evidence establishing that Defendant at the age of 73 and having been incarcerated for several years poses a continued danger to the community or that releasing Defendant to home confinement will subject the public to greater risk. Moreover, Defendant's release will not produce unwarranted sentencing disparity because it accounts for his unique circumstances, specifically his age and medical conditions in consideration of the COVID-19 pandemic. Thus granting the requested relief is consistent with and supported by the § 3553(a) factors.

### III.   CONCLUSION

Accordingly, for the above stated reasons, **IT IS HEREBY ORDERED** that Defendant's Emergency Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **GRANTED**. The custodial portion of Defendant's sentence is reduced to time served, and the Court imposes a new term of supervised release equal to the unserved portion of the original term of imprisonment (as calculated by the BOP). Following the completion of this newly imposed term of supervised release, Defendant shall begin serving the three-year term of supervised release that the Court imposed in Defendant's Judgment.

It is further ordered that unless Defendant has been in a segregated special unit for high-risk prisoners for more than 14 days where no inmate has tested positive or shown symptoms of COVID-19 within the past 14 days, the Court orders Defendant to self-quarantine within his home when he begins home confinement. Defendant shall serve the new term of supervised released under home confinement and shall not leave his residence other than for medical appointments and appointments with counsel. While on supervised released, Defendant shall be subject to electronic location monitoring to commence as soon as the Probation Department can safely install the necessary electronic monitoring equipment and upon such other considerations as the Probation Department deems necessary. Defendant must contact the Probation Department within twenty- four (24) hours of release from BOP custody to schedule an appointment.

Defendant's original sentence remains unchanged in all other respects.

**SO ORDERED.**

s/Nancy G. Edmunds<br>
Nancy G. Edmunds<br>
United States District Judge

Dated: November 3, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 3, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett<br>
Case Manager